IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT F. BOLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-706-STE |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** and **REMANDS** the Commissioner's decision for further administrative development.

**I.     PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-30). The Appeals Council denied Plaintiff's request for review. (TR. 1-5). Thus, the decision of the ALJ became the final

decision of the Commissioner. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his application date of October 5, 2012. (TR. 17). At step two, the ALJ determined that Mr. Bolton had the following severe impairments: schizophrenia; major depressive disorder; anxiety disorder; personality disorder; pain disorder; and obesity. (TR. 17). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 17). At step four, the ALJ concluded that Mr. Bolton retained the residual functional capacity (RFC) to:

> [P]erform less than a full range of light work as defined in 20 CFR 416.967(b) except he can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; stand and/or walk for 6 hours total of 8 hours; and sit for 6 hours total of 8 hours. He can occasionally push/pull including the operation of hand and foot controls; can occasionally climb ramps and stairs; never climb ladders, ropes or scaffolding; can frequently balance; can occasionally stoop, kneel, crouch and crawl. He has no manipulative, visual, communicative limitations. He must not work around unprotected heights, around dangerous moving equipment or machinery or on uneven or unstable working surfaces. He can understand, remember, comprehend and carry out simple work-related instructions and tasks. He can work with supervisors and coworkers on a superficial working basis. He cannot work with the general public. He can adapt to routine changes in the working environment.

(TR. 19). The ALJ relied on vocational expert (VE) testimony to find that Plaintiff had no past relevant work. (TR. 28, 70-71). As a result, the ALJ made additional findings at step

five. There, the ALJ presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform with his RFC. (TR. 72-75). Given the limitations, the VE identified three "light" and three "sedentary" jobs from the Dictionary of Occupational Titles (DOT) that Plaintiff could perform. (TR. 72-75). The ALJ adopted the testimony of the VE and concluded that Plaintiff was not disabled. (TR. 29).

## III.  ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ: (1) failed to explain his rejection of certain limitations outlined in a consultative physician's opinion and (2) erred in evaluating Plaintiff's subjective statements.

## IV.  STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. DR. CHAUDRY'S OPINION

On March 12, 2014, Dr. S.A. Chaudry performed a consultative examination of Mr. Bolton. (TR. 496-508). As part of that examination, Dr. Chaudry completed a "Medical Source Statement" (MSS) (TR. 503-508). In the MSS, Dr. Chaudry opined, in part, that Mr. Bolton could:

- Sit for 3 hours at one time, for a total of 4 hours in an 8-hour workday;
- Stand for 30 minutes at one time, for a total of 2 hours during an 8-hour-workday; and
- Walk for 30 minutes at one time, for a total of 2 hours during an 8-hour workday;

(TR. 504).

The ALJ recited these opinions in decision and stated: "I afford great weight to the opinion of [Dr. Chaudry] that is well supported by medically acceptable clinical and laboratory findings, and is consistent with the record when viewed in its entirety." (TR. 27). Mr. Bolton contends the ALJ erred in failing to explain why he appeared to have afforded "great weight" to and adopted a portion of Dr. Chaudry's MSS, while rejecting other limitations the physician had opined which conflicted with the RFC and the jobs identified at step five. (ECF No. 14:4-9).

The RFC determination allows Mr. Bolton to "stand and/or walk for 6 hours total of 8 hours; and sit for 6 hours total of 8 hours." (TR. 19). With this RFC, a VE identified three "light" and three "sedentary" jobs Mr. Bolton could perform. (TR. 72-74). The ALJ adopted the VE's opinion and relied on the six jobs at step five. (TR. 29). But each job

4

conflicts with Dr. Chaudry's opinion and the ALJ did not explain why he seemed to have ignored the portion of Dr. Chaudry's opinion which conflicted with the jobs.

For example, the "light" jobs would require "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (1983). But according to Dr. Chaudry, Plaintiff could only stand and/or walk for 30 minutes at a time, for a total of 2 hours during an 8-hour workday (TR. 504). And the "sedentary" jobs would require the ability to sit for at least 6 hours during an 8-hour workday. 20 C.F.R. §416.967(a); SSR 96–9p, 1996 WL 374185, at *6 (1996). But according to Dr. Chaudry, Plaintiff was only capable of sitting for 3 hours at a time, for a total of 4 hours during an 8-hour workday. (TR. 503). Although the ALJ stated that he gave "great weight" to Dr. Chaudry's opinion, he clearly did not adopt the limitations related to Plaintiff's ability to sit, stand, or walk.

The ALJ neither: (1) acknowledged the obvious inconsistency between Dr. Chaudry's limitations related to Plaintiff's ability to sit, stand, and walk and the RFC and jobs the ALJ relied on at step five, nor (2) explained why he apparently rejected a portion of Dr. Chaudry's opinions. These failures constitute legal error for two reasons. First, the ALJ's treatment of Dr. Chaudry's opinion constitutes an impermissible selective review of the evidence. See *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (noting that the ALJ may not selectively review a medical opinion, "taking only the parts that are favorable to a finding of nondisability.") Second, although the ALJ may have had a reason for rejecting Dr. Chaudry's opinion, he failed to explain his reasoning in the decision. See *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (noting that the ALJ's reasons

stated in evaluating medical opinions must allow for meaningful appellate review). The errors are not harmless because they directly impact the ALJ's step five findings, as discussed. *See supra*.

## VI. THE ALJ'S EVALUATION OF PLAINTIFF'S SUBJECTIVE STATEMENTS

Plaintiff alleges that the ALJ erred in evaluating Plaintiff's subjective symptoms under the regulatory framework of SSR 16-3p, 2016 WL 1119029 (Mar. 28, 2016) and *Luna v. Bowen*, 834 F.2d. 161 (10th Cir. 1987). (ECF No. 14:9-14). According to Mr. Bolton, the ALJ: (1) offered only boilerplate language in support of his findings, (2) failed to determine whether a "loose nexus" existed between Plaintiff's severe mental impairments and his subjective allegations of limitations relating to those impairments, and (3) mischaracterized and improperly relied only on Plaintiff's daily activities in assessing the consistency of his allegations with the evidence, to the exclusion of the other factors contained in 20 C.F.R. § 416.929(C)(3). (ECF No. 14:9-14).

Mr. Bolton has identified the correct standards an ALJ should employ when evaluating a claimant's subjective allegations.[1] SSR 16-3p directs the ALJ to consider an individual's statements about the intensity, persistence, and limiting effects of symptoms. SSR 16-3p, at *4. SSR 16-3p also directs the ALJ to apply the same seven regulatory factors in evaluating the intensity, persistence, and limiting effects of the claimant's

---

[1] SSR 16-3p became effective March 28, 2016, and was therefore, controlling at the time of the ALJ's decision on April 22, 2016. SSR 16-3p superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996). *See* SSR 16-3p, 2017 WL 5180304, at *1. The new ruling "eliminat[es] the use of the term 'credibility' [and] clarif[ies] that subjective symptom evaluation is not an examination of a [claimant]'s character." *Id.* at *2.

symptoms. *Id.*, at *7.² Finally, SSR 16-3p directs the ALJ to determine the consistency of the individual's statements as compared to other evidence in the record. *Id.*, at *4-10.

On remand and following a reconsideration of Dr. Chaudry's opinion, the ALJ will need to readdress Mr. Bolton's credibility utilizing the framework as set forth above. At this time, the Court need not address Mr. Bolton's challenges to the ALJ's evaluation of Plaintiff's subjective statements. *See Tracy v. Astrue*, 518 F. Supp. 2d 1291, 1295 (D. Kan. 2007) (declining consideration of Plaintiff's challenges involving the ALJ's credibility analysis in light of the court's remand for a reexamination of the medical evidence).

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision for further administrative development.

ENTERED on April 6, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

² *See* 20 C.F.R. § 416.929(c)(3)(i)-(vii); SSR 16-3p, 2016 WL 1119029, at *7; *Brownrigg v. Berryhill*, 688 F. App'x 542, 545-46 (10th Cir. 2017) (noting that the factors to consider in the *Luna* analysis are "similar" to those listed in Social Security Ruling 16-3p).